# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

SUNBURST MINERALS, LLC,

    Plaintiff/Counterdefendant,

vs.

EMERALD COPPER CORP.,

    Defendant/Counterclaimant.

3:15-cv-08274 JWS

ORDER AND OPINION

[Re: Motion at Docket 113]

## I. MOTION PRESENTED

At docket 113 plaintiff and counterdefendant Sunburst Minerals, LLC ("Sunburst") moves for clarification of the court's order and opinion at docket 112. Defendant and counterclaimant Emerald Copper Corp. ("Emerald") responds at docket 122.

## II. BACKGROUND

In November 2016 Emerald served its responses to Sunburst's first set of interrogatories, requests for admission, and requests for production.[1] Emerald's responses to interrogatories Nos. 1 and 2 identify each of Sunburst's claims that Emerald believes to be invalid. In pertinent part, Emerald stated that it "understood"

---

[1]Doc. 52-6 at 78–94.

that Emerald No. 1 was not properly monumented.[2] Emerald did not mention Emerald No. 2.

At docket 52 Sunburst moved for summary judgment with respect to all of its mill sites and most of its claims.[3] In pertinent part, Sunburst asserted that Emerald lacks any evidence supporting its understanding that Emerald No. 1 was not properly monumented.[4] Sunburst also noted Emerald's failure to even identify Emerald No. 2 as a potentially invalid claim.[5]

Emerald opposed Sunburst's motion at docket 70, raising a number of arguments regarding certain claims and mill sites. This included Emerald's argument that certain claims were abandoned because they were not properly monumented in accordance with A.R.S. § 27-203(A)(2). Relying on the affidavits of Kenneth E. Schaaf ("Schaaf"), Brian Dirk Hatter ("Hatter"), Donald T. Scoretz ("Scoretz"), Howard Metzler ("Metzler"), and Llao David Hutzinger ("Hutzinger"), Emerald argued that there is a genuine dispute as to: (1) whether Sunburst's predecessor El Paso Natural Gas ("El Paso") failed to re-stake the Mineral Survey Claims[6] after it abandoned its patent application;[7] and (2) whether Sunburst's predecessor, St. Genevieve Resources ("SGR"), failed to monument the 20 new claims it located in 2004.[8] Emerald did not

---

[2] *Id.* at 82–83.

[3] All claims except for Emerald 2B, Emerald 3A, Emerald 4A, Emerald 40, and Emerald 41.

[4] Doc. 52 at 8.

[5] *Id.*

[6] Copper Hill No. 2; Hermes; Hermes No. 2; Jimtown Copper No. 1; Valley Copper No. 1; Valley Copper No. 2; and Valley Copper No. 3.

[7] Doc. 70 at 4; doc. 71 at 6 ¶ 17.

[8] Doc. 70 at 4–5; doc. 70 at 6–7 ¶¶ 22–24.

argue that either Emerald No. 1 or Emerald No. 2, which were staked in 1996, were abandoned for lack of proper monumenting.

At docket 112 the court granted Sunburst's motion in part and denied it in part. The court held that Sunburst and its predecessors in interest were generally under no obligation to re-stake monuments that were properly staked within 90 days from the date of location.[9] Applying this principal to the facts of the case, the court found that Emerald's witnesses' failure in 2012 and 2015 to find monuments placed on the Mineral Survey Claims, which were located between 40 and 105 years earlier, did not raise a genuine issue of material fact.[10]

Despite Emerald's failure to specifically address Emerald No. 1 and Emerald No. 2, the court omitted those two claims from the list of claims for which summary judgment was granted in Sunburst's favor.[11] Sunburst now moves for clarification whether the court inadvertently omitted those claims.

## III. DISCUSSION

Emerald asserts that it did raise arguments that Emerald Nos. 1 and 2 were not properly monumented in its opposition. In support of this assertion, Emerald points not to its opposition, however, but rather to the Schaaf, Hatter, Scoretz, Metzler, and Hutzinger affidavits, generally,[12] and to Huntzinger's statement the only monument he recognized on site was associated with the FDR claim, specifically.[13] This evidence,

---

[9] Doc. 112 at 12–14.

[10] *Id.* at 14.

[11] *Id.* at 20.

[12] Doc. 122 at 1–2.

[13] Doc. 71-1 at 19 ¶ 8.

-3-

Emerald argues, raises questions of material fact regarding whether any monuments were ever placed on Emerald No. 1 or Emerald No. 2.[14]

Emerald waived any arguments with regard to inadequate monumenting on Emerald Nos. 1 and 2 by not specifically raising them in its opposition.[15] And even if they had not been waived, they would fail because they are not supported by sufficient evidence. The location notices for Emerald Nos. 1 and 2 state that TSC Enterprises, Inc. placed monuments on those claims in 1996 when they were located.[16] Emerald lacks any contemporaneous evidence disputing these statements. Huntzinger's testimony that he did not observe monuments at some point in 2004 is insufficient to raise a genuine dispute.[17]

## IV. CONCLUSION

For the reasons above, the motion at docket 113 is granted. The court clarifies its order and opinion at docket 112 as follows: Sunburst is also entitled to judgment in its favor as to both counts of its complaint and both counts of Emerald's counter-complaint with regard to Emerald No. 1 and Emerald No. 2.

DATED this 25th day of October 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[14] Doc. 122 at 2.

[15] See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) ("'[The nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden—for example, by remaining silent—its opportunity is waived and its case wagered.") (quoting Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992)).

[16] Doc. 52-2 at 70–73.

[17] See Temescal Oil Mining & Dev. Co. v. Salcido, 69 P. 1010, 1011 (Cal. 1902).