UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SUNBURST MINERALS, LLC, )<br>)<br>    Plaintiff/Counterdefendant, )<br>)<br>vs. )<br>)<br>EMERALD COPPER CORP., )<br>)<br>    Defendant/Counterclaimant. )<br>_____ ) | 3:15-cv-08274 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at Dockets 116, 123, & 133] |

## I. MOTIONS PRESENTED

Before the court are three motions. First, at docket 123 defendant and counterclaimant Emerald Copper Corp. ("Emerald") moves for reconsideration of the court's order at docket 112 pursuant to Local Rule 7.2(g) or, alternatively, relief from

-1-

that order pursuant to Federal Rule of Civil Procedure 60(b)(2).[1] At docket 126 the court ordered plaintiff and counterdefendant Sunburst Minerals, LLC ("Sunburst") to respond to the motion, which it does at docket 130. The court did not request a reply.

The second motion, at docket 116, is Emerald's motion for partial summary judgment pursuant to Rule 56. Emerald supports the motion with a separate statement of facts at docket 117. Sunburst opposes the motion at docket 128, supported by controverting statement of facts and separate statement of additional facts at docket 129. Emerald replies at docket 131, supported by a reply statement of facts and objections to Sunburst's separate statement of additional facts at docket 132.

The third motion, at docket 133, is Sunburst's motion to strike Emerald's filing at docket 132 pursuant to Local Rule 7.2(m). Emerald opposes the motion at docket 134; Sunburst replies at docket 135.

Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The parties in this case assert competing possessory interests in land in Mohave County, Arizona, in an area commonly known as "the Emerald Isle Mine." As described in detail in the court's order at docket 112, Sunburst owns 53 unpatented lode claims and mill sites that were located on various dates between 1907 and 2016. Emerald has located 47 lode claims in the same general location as Sunburst's claims: 37 in 2012,[2]

---

[1] "On motion and just terms, the court may relieve a party from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

[2] Doc. 46-1 at 1–2 (claims 1 through 37).

five more in 2014,[3] and five more in 2016.[4] Sunburst asserts quiet title and trespass actions against Emerald, alleging that Emerald's junior claims are invalid "to the extent that they may overstake" Sunburst's senior claims.[5] Emerald maintains that any of Sunburst's claims that "may overlap or conflict with the Claims owned by Emerald are invalid, null and void"[6] and on that basis asserts counterclaims for quiet title and trespass against Sunburst.

At docket 112 the court granted partial summary judgment in Sunburst's favor on both counts of its complaint and both counts of Emerald's counter-complaint with regard to the following claims and mill sites: Copper Hill Mill Site Nos. 1–8, 10–12; Hermes Mill Site No. 13; Copper Hill Mill No. 1 Mill Site Nos. 14–15; Copper Hill No. 2; Hermes; Hermes No. 2; Jimtown Copper No. 1; Valley Copper Nos. 1–3; and FDR.

### III. DISCUSSION

**A.     Sunburst's Motion to Strike**

Local Rule 7.2(m)(1) governs motions to strike. It provides in pertinent part that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on

---

[3]*Id.* at 2 (claims 38 through 42).

[4]Doc. 46-2 at 1 (claims 1 through 5).

[5]Second Amended Complaint. Doc. 45 at 4 ¶ 25. *See also id.* at 5 ¶ 27.

[6]Doc. 46 at 8 ¶ 14.

-3-

the ground that it is prohibited (or not authorized) by a statute, rule, or court order."[7]

The decision to grant or deny a motion to strike is within the court's discretion.[8]

Sunburst moves to strike Emerald's filing at docket 132, which consists of Emerald's reply statement of facts and its objections to Sunburst's separate statement of additional facts. As the court has already stated in its order at docket 112, Local Rule 56.1 does not authorize the moving party to file a reply statement of facts.[9] Undeterred, Emerald filed a reply statement of facts at docket 132 without obtaining leave of court. Emerald argues that its filing is permitted by Rule 56(c)(2), which authorizes objections to evidence that "cannot be presented in a form that would be admissible in evidence,"[10] because a reply statement of facts is necessary to its Rule 56(c) objections. It also argues that the Local Rules did not forbid reply statements of fact until the most recent revision, which was not in effect before December 1, 2017.[11]

Addressing this latter argument first, the rule against introducing new facts on reply is not a new one in this district[12] or in the Ninth Circuit.[13] The rule exists to guard

---

[7]LRCiv 7.2(m)(1).

[8]*Spencer v. Stapler*, No. 04-1532 PHX SMM, 2006 WL 2052704, at *2 (D. Ariz. July 21, 2006).

[9]Doc. 112 at 1 n.1 (citing LRCiv 56.1).

[10]Fed. R. Civ. P. 56(c)(2).

[11]Doc. 134 at 6 n.2 (citing the current version of Local Rule 56.1(b), which states: "No reply statement of facts may be filed.").

[12]*See, e.g., W. All. Bank v. Jefferson*, No. 2:14-CV-0761 JWS, 2015 WL 5896236, at *1 (D. Ariz. Oct. 7, 2015) (Sedwick, J.); *E.E.O.C. v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1015 (D. Ariz. 2013) (Snow, J.); *B2B CFO Partners, LLC v. Kaufman*, 856 F. Supp. 2d 1084,

against unfairness and surprise. It would be unfair, and reversible error, for a district court to consider new evidence offered in reply without affording the non-moving party an opportunity to respond.[14] Although Emerald is correct that Rule 56(c) allows the moving party to object in reply to the non-moving party's evidence, the rule does not authorize that party to rely on new evidence in so doing. If Emerald believed it was necessary to file new evidence in support of its Rule 56(c) objections, it was required to seek leave of court. That way, the court could have determined whether the new evidence should be considered and, if so, allowed Sunburst an opportunity to respond.

With regard to Emerald's objections, Local Rule 7.2(m)(2) states in pertinent part that any objection to evidence offered in opposition to a motion must be presented in the objecting party's reply memorandum, which may not exceed eleven pages,[15] and not in a separate filing.[16] Emerald's objections are set out in a separate filing, violating

---

1086 (D. Ariz. 2012) (Teilborg, J.); *Larson v. United Nat. Foods W., Inc.*, No. CV-10-185-PHX-DGC, 2010 WL 5297220, at *2 (D. Ariz. Dec. 20, 2010) (Campbell, J.); *Marceau v. Int'l Bhd. of Elec. Workers*, 618 F. Supp. 2d 1127, 1141 (D. Ariz. 2009) (Marguia, J.); *E.E.O.C. v. Creative Networks, LLC*, No. CV-05-3032-PHX-SMM, 2008 WL 5272780, at *2 (D. Ariz. Dec. 15, 2008) (McNamee, J.).

[13]*See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'") (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990)). *See also Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007) ("It is well established that issues cannot be raised for the first time in a reply brief.").

[14]*Provenz*, 102 F.3d at 1483.

[15]LRCiv. 7.2(e)(2).

[16]LRCiv 7.2(m)(2). *See also E.E.O.C. v. Autozone, Inc.*, No. 06-CV-0926-PHX-SMM, 2008 WL 2509302, at *1 (D. Ariz. June 18, 2008) ("Should a moving party have any objections or replies to arguments or facts made in the Response or its supporting statement of facts, these must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.") (internal quotation

this rule.  Emerald's reply memorandum is ten pages long and its objections span an additional eleven pages.  Emerald effectively filed a reply memorandum that is double the length allowed by the Local Rules without obtaining leave of court to do so.[17]

The court notes these Local Rule violations because it expects the parties to comply fully with the Federal and Local Rules of Civil Procedure going forward.  Sunburst's instant motion will be denied as moot, however, because as discussed below there is no need for the court to consider Emerald's new evidence or objections.

**B.     Emerald's Motion for Reconsideration**

Emerald asks the court to reconsider its opinion at docket 112 for four reasons.  It argues that: (1) it has discovered new facts showing a dispute of material fact as to whether Sunburst abandoned its "Mineral Survey Claims;"[18] (2) the court erred in holding that a good faith oversized lode claim is invalid only if the locator "was notified of the excess, was given an opportunity to correct it, and subsequently failed to remedy the problem;"[19] (3) it should be allowed to submit new evidence showing that it notified

---

omitted).

[17]Sunburst also moves to strike Emerald's objections because they are not stated summarily without argument, as required by LRCiv. 7.2(m)(2).  This requirement of Local Rule 7.2(m)(2) is inapplicable; it applies only where a non-moving party includes objections in its response to the moving party's separate statement of material facts.  As the moving party, Emerald was required to present both its objections and related arguments in its reply memorandum.  LRCiv. 7.2(m)(2).

[18]The "Mineral Survey Claims" consist of Copper Hill No. 2; Hermes; Hermes No. 2; Jimtown Copper No. 1; Valley Copper No. 1; Valley Copper No. 2; and Valley Copper No. 3.  Doc. 52 at 3.  With regard to this argument, Emerald cites Rule 60(b)(2) as an alternative authority that supports its requested relief.

[19]Doc. 112 at 19 (citing *Velasco v. Mallory*, 427 P.2d 540, 548 (Ariz. Ct. App. 1967)).

Sunburst's predecessor that the "Block Claims"[20] are oversized and the predecessor failed to respond; and (4) the court should vacate its order granting Sunburst summary judgment with regard to its FDR claim because a portion of that claim must be invalid and the entire claim might be invalid.

### 1. Standards of review

Under LRCiv 7.2(g), motions for reconsideration are usually denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." Courts in this district grant such motions for various reasons, including that the moving party made a convincing showing that the court failed to consider material facts that were before the court at the time of the initial decision.[21]

A court may grant a party relief from a judgment or order under Rule 60(b)(2) on account of "newly discovered evidence."[22] Under this rule relief is warranted if "(1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of 'such

---

[20]The "Block Claims" include Emerald Claims Nos. 1A, 2A, and 3–20. Doc. 52 at 4. For some unexplained reason, Sunburst's complaint does not reference four of these claims (Emerald No. 1A, Emerald No. 2A, Emerald No. 3, and Emerald No. 4) even though Sunburst appears to have acquired ownership of them. *Compare* Sunburst's Complaint, doc. 45-1 at 1–2 and doc. 45-2 at 1 (not including these claims), *with* the trustee's deed conveying the claims and mill sites to Sunburst, doc. 78-1 at 54–57 (including these claims).

[21]*See, e.g., Best W. Int'l, Inc. v. AV Inn Associates 1, LLC*, No. CV-08-2274-PHX-DGC, 2010 WL 2789895, at *1 (D. Ariz. July 14, 2010).

[22]Fed. R. Civ. P. 60(b)(2).

-7-

magnitude that production of it earlier would have been likely to change the disposition of the case.'"[23]

### 2. Emerald's new evidence is insufficient

In its motion for partial summary judgment, Sunburst argued that Emerald lacked evidence showing that its Mineral Survey Claims were invalid.[24] Emerald responded by arguing that the Mineral Survey Claims had been abandoned in two ways. First, it argued that the BLM's records "provide no evidence that annual assessment work was performed"[25] for the Mineral Survey Claims, which would be conclusive evidence that these claims have been abandoned.[26] The court rejected this argument because the BLM's records show that the necessary assessment work was performed.[27] Second, Emerald argued that the affidavits of Earnest Schaaf and Brian Dirk Hatter, in which they state that they could not find monuments placed on the Mineral Survey Claims in 2012 and 2015, raise a genuine issue of material fact as to whether those claims were properly monumented in accord with A.R.S. § 27-203. That statute provides that failure to properly monument a claim "shall be an abandonment of the claim, and all right and claim of the locator shall be forfeited."[28] The court rejected this argument, holding that

---

[23]*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir.1987)).

[24]Doc. 52 at 8.

[25]Doc. 70 at 4.

[26]43 U.S.C. § 1744(c).

[27]Doc. 112 at 9.

[28]A.R.S. § 27-203(E).

"[n]o reasonable jury could find that [Schaaf's and Hatter's] observations, which occurred between 40 and 105 years after the fact, clearly and convincingly dispute the locators' attestations that the monuments were posted at the time of location."[29]

Emerald now raises a third abandonment argument. According to Emerald, the Emerald Mine processed copper using a

> heap leaching process in which a sulfuric acid solution was placed on stockpiled ore. The acidic solution percolated through the heap leach pad, dissolving the copper ore and creating what is called a pregnant leach solution (PLS). PLS ponds collect the solution so that it can then be pumped to a solvent extract plant for further processing. PLS ponds must be lined to prevent contamination. When a liner fails, the PLS (containing copper and acid) leaks into the ground and eventually groundwater.[30]

Emerald asserts that at some point "[a]t the end of May 2017" it "was alerted that" the mine's PLS pond "may be leaking."[31] In a letter dated August 10, 2017, Emerald's counsel's letter notified two BLM geologists of the leak.[32] And on September 14, 2017, Travis Snider ("Snider"), Sunburst's predecessor's Vice President of Operations, signed a declaration stating that he knew in 2012 that the PLS pond leak detector was malfunctioning and he advised Rod Martin, the company's CEO, that he "felt that there was a possibility that the PLS Pond Site was leaking," yet no corrective actions were taken in response to this information.[33] Emerald argues that this "newly discovered" evidence shows that Sunburst and its predecessors failed to "remediate a leaking PLS

---

[29] Doc. 112 at 14.

[30] Doc. 123 at 5 n.2 (citations omitted).

[31] *Id.* at 3 ¶ 8.

[32] Doc. 123-3 at 2–32.

[33] Doc. 117-1 at 148.

Pond" and failed "to comply with a valid claim owner's statutory and regulatory obligations," which in turn creates a disputed question of material fact regarding whether they abandoned the Mineral Survey Claims.[34]

Emerald has not met its burden of proving that it exercised reasonable diligence. Without providing any supporting details or evidence, Emerald asserts that it was somehow "alerted that the PLS Pond may be leaking" on some unspecified date "[a]t the end of May 2017," after it had filed its opposition to Sunburst's summary judgment motion.[35] Emerald then asserts that it confirmed that the PLS pond is leaking "in May through July 2017."[36] Emerald does not explain why it took three months to confirm the leak. Nor does it explain why, if the leak and facts regarding any response thereto were essential to its opposition to Sunburst's summary judgment motion, it did not file a Rule 56(d) affidavit promptly after confirming the leak to request additional time to obtain affidavits or take discovery.

Emerald also has not met its burden of proving that this evidence is "newly discovered." All of the evidence attached to Emerald's motion was in Emerald's possession by September 14, at the latest. The court did not rule on Sunburst's summary judgment motion until September 25. Evidence is not "newly discovered" if it "'could have been adduced during pendency' of the motion at issue."[37]

---

[34]Doc. 123 at 7.

[35]Doc. 123 at 3 ¶ 8.

[36]*Id.* at 3 ¶ 8.i.

[37]*Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (evidence not "newly discovered" if produced to party before district court issued order on underlying motion) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)). *See also*

-10-

Finally, Emerald has not met its burden of showing that this "newly discovered" evidence would have likely changed the disposition of the case. Abandonment has been defined as "a going away, and a relinquishing of rights, with the intention never to return."[38] To establish abandonment, Emerald must establish with clear and convincing evidence Sunburst's "subjective intention to abandon coupled with an external and objective act."[39]

No reasonable fact finder could conclude that Sunburst's or its predecessor's failure to remediate the leaking PLS pond is clear and convincing evidence of an intent to abandon the Mineral Survey claims. Emerald cites no cases where a party's failure to remediate an environmental hazard has been found to be evidence of an intent to abandon. And, even if such evidence could indicate that intent in the abstract, there is ample contrary evidence in the record here, including the cease and desist letters that Sunburst's predecessor issued in 2012 after discovering that Emerald was asserting an adverse interest in the land,[40] the environmental assessment that Sunburst's predecessor prepared and submitted to the BLM in 2013,[41] and the property evaluation

---

*Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (same); *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993) (same).

[38]*Peachy v. Frisco Gold Mines Co.*, 204 F. 659, 668 (D. Ariz. 1913). *See also O'Hanlon v. Ruby Gulch Mining Co.*, 135 P. 913, 918 (Mont. 1913) ("As the term 'abandonment' is defined in the books in this connection, it means a leaving of the claim by the owner with the intention, expressed or implied, of never returning to it, or, in other words, leaving it open and free to location by anyone who chooses to take it.").

[39]*Velasco*, 427 P.2d at 546.

[40]Doc. 130-3 at 9–12.

[41]Doc. 130-4; doc. 130-5.

that Sunburst hired a consultant to perform shortly after acquiring ownership of the claims.[42] The evidence in the record as a whole does not clearly and convincingly show that Sunburst's or its predecessor's failure to remediate the leaking PLS pond was caused by a subjective intent to abandon; one likely explanation is the same explanation for why Emerald has not done the cleanup: the parties dispute ownership of the mine.[43] Other explanations include financial considerations, Sunburst's priorities, and an uncertain scope of the remediation needed also exist.

### 3. The excess portion of an oversized lode claim is invalid regardless whether the locator was given an opportunity to resize the claim

The Mining Law of 1872 states that a lode claim may not exceed 600 feet in width (300 feet on each side of the center of the claim).[44] In opposition to Sunburst's summary judgment motion, Emerald cited the Arizona Court of Appeals' decision in *Velasco v. Mallory*,[45] for the proposition that a locator's good faith oversized claim becomes invalid only after the locator is first "notified, given an opportunity to resize the claims, and does nothing."[46] Emerald then asserted that Sunburst's oversized Block

---

[42] Doc. 130-6 at 3 ¶ 5.

[43] *See* doc. 123-3 at 2 (Emerald stating that if Sunburst's claims are valid then Sunburst is responsible for cleaning up the PLS pond leakage, but if Sunburst "disclaims its interests" then Emerald "can work with BLM to develop a plan to remediate the releases."); doc. 117-1 at 132 (Sunburst's owner testifying that "Emerald has pointed out in this lawsuit . . . that Sunburst doesn't actually own any of these claims. So it would be helpful to get this resolved so that one of the two parties can address the [PLS pond] issue.").

[44] 30 U.S.C. § 23 ("No claim shall extend more than three hundred feet on each side of the middle of the vein at the surface . . . .").

[45] 427 P.2d at 548.

[46] Doc. 70 at 7.

Claims are invalid under this rule because Emerald notified Sunburst's predecessor that the claims were oversized and the predecessor "voluntarily chose to ignore" the problem.[47] Because Emerald failed to support this assertion with evidence, however, the court granted Sunburst summary judgment on this issue.[48]

Emerald now asks the court to revisit this decision, arguing that *Velasco* was wrongly decided. To reach the holding set out above, *Velasco* relied on the Ninth Circuit's decision in *Jones v. Wild Goose Mining*.[49] The problem with that, according to Emerald, is that the relied-on holding from *Jones* applies to placer claims, not the lode claims before the *Velasco* court or the court in this case.[50] The reason why notice is required with regard to placer but not lode claims is that "placer claims are not limited in length or width but in area only," and therefore "the geographical position of the excess cannot be determined by comparing the monuments on the ground with the description in the location notice or certificate."[51] Emerald argues that oversized lode claims are governed by *Lakin v. Roberts*, where the Ninth Circuit held that lode claims that exceed the statutory size limitations are void as to the excess.[52]

---

[47]*Id.* at 11.

[48]Doc. 112 at 20.

[49]*Velasco*, 427 P.2d at 548 (quoting *Jones v. Wild Goose Mining & Trading Co*, 177 F. 95, 98 (9th Cir. 1910)).

[50]Doc. 123 at 7–8.

[51]1 Rocky Mountain Mineral Law Foundation, *American Law of Mining* § 32.03 (2d ed. 2017).

[52]54 F. 461, 463 (9th Cir. 1893), *aff'g*, *Lakin v. Dolly*, 53 F. 333, 337–38 (C.C.N.D. Cal. 1891) ("[A]ny patent which is issued for more than that amount of surface ground is absolutely null and void as to the excess over 300 feet, and can be collaterally attacked in a court of law.").

-13-

Sunburst argues that *Lakin* is inapposite because that case involved the federal government's authority to issue a patent for an oversized claim, whereas this case and *Velasco* concern a private entity's rights with respect to oversized claims.[53] This argument is unpersuasive. Lode claim size limits are fixed by federal statute and the statute draws no distinctions between the rights of government or private actors.[54]

This court is bound by the Ninth Circuit's interpretation of a federal statute.[55] Although *Lakin* is legal authority that Emerald could have brought to the court's attention earlier with reasonable diligence, it would be manifest error to disregard this authority now that it has been brought to the court's attention. Emerald's motion for reconsideration will be granted under Local Rule 7.2(g). To the extent that Sunburst's lode claims are oversized, they are invalid as to the excess.

### 4.     Emerald's new arguments regarding the FDR claim are untimely

In response to Sunburst's summary judgment motion, Emerald argued that Sunburst's mill site claims are invalid because they are located on non-mineral land. The court rejected this argument, holding that Emerald failed to present adequate evidence supporting this factual assertion.[56]

Emerald does not seek reconsideration of this ruling. Instead, it argues that if the mill sites are located on land that is mineral-in-character, then the portion of the

---

[53] Doc. 130 at 10.

[54] 30 U.S.C. § 23.

[55] *See Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("Of course, the state court's interpretation of federal law does not bind our decision, though it may persuade us to reach a similar result.").

[56] Doc. 112 at 18.

-14-

FDR claim that overlaps with the mill sites is invalid and, if the discovery point for the FDR claim is on the mill sites, then the entire claim is invalid.[57] Two flaws are fatal to Emerald's argument. First, this argument does not seek reconsideration, it is a new argument that Emerald waived by not raising earlier.[58] And second, even if Emerald had not waived this argument, it lacks merit because Emerald points to no evidence that shows that the mill sites are on land that is not mineral-in-character. The court's ruling that Emerald's evidence failed to raise a question of material fact regarding whether the land is mineralized is not itself evidence that the land *is not* mineralized. It may be true, as Emerald argues, that it is impossible to have a valid mill site and valid lode claim on the same land.[59] But, because Emerald lacks evidence showing that either claim is invalid, summary judgment on Sunburst's FDR claim is warranted.

C. **Emerald's Motion for Partial Summary Judgment**

Emerald moves for partial summary judgment on two issues: "(1) the validity of Emerald's mining claims to the extent they do not overlap Sunburst's claims; and (2) the invalidity of" Sunburst's Block Claims.[60]

---

[57]Doc. 123 at 10.

[58]*Cf. Taddeo v. Koval Flamingo, LLC*, No. 2:12-cv-01110, 2016 WL 6272367, at *1 (D. Nev. Oct. 25, 2016) ("A party cannot raise a legal argument in a *post-verdict* motion for judgment as matter of law unless it first raised it in a *pre-verdict* motion for judgment as a matter of law.") (emphasis in original).

[59]Doc. 123 at 10.

[60]Doc. 116 at 1.

### 1. Standard of review

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[61] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[62] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[63] However, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[64]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[65] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[66] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for

---

[61] Fed. R. Civ. P. 56(a).

[62] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[63] *Id.*

[64] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[65] *Id.* at 323.

[66] *Id.* at 323–25.

-16-

trial.[67] All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[68] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[69]

### 2. The validity of the portions of Emerald's claims that do not overlap with Sunburst's claims is not at issue in this case

Sunburst's two causes of action and Emerald's two counterclaims assert competing possessory interests in the land to the extent that the parties' claims overlap.[70] Thus, Emerald's motion for partial summary judgment on the validity of its claims to the extent they *do not* overlap with Sunburst's claims fails because it does not identify any actual claims or defenses on which summary judgment is sought.[71]

### 3. Sunburst's Block Claims

Emerald raises two arguments with regard to the invalidity of Sunburst's Block Claims. First, it argues that under *Lakin* the Block Claims are invalid to the extent they exceed 600 feet in width. For the reasons discussed above, Emerald will be granted summary judgment on this issue. Second, Emerald resuscitates its original *Velasco-*

---

[67]*Anderson*, 477 U.S. at 248–49.

[68]*Id.* at 255.

[69]*Id.* at 248–49.

[70]Doc. 45 at 4 ¶ 25, 5 ¶ 27; doc. 46 at 8 ¶ 14.

[71]Fed. R. Civ. P. 56(a).

-17-

based argument that the Block Claims are invalid in their entirety because Emerald notified Sunburst's predecessor that the claims were oversized and the predecessor did not resize them.[72] This argument fails because, under *Lakin*, notice is irrelevant to the validity of an oversized lode claim.[73]

## IV. CONCLUSION

For the reasons above, the motions at dockets 116 and 123 are GRANTED IN PART AND DENIED IN PART as follows: Sunburst's Block Claims are invalid to the extent they exceed 600 feet in width. In all other respects the motions are denied. The motion at docket 133 is DENIED.

DATED this 11th day of January 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[72] Doc. 116 at 9–11.

[73] *Lakin*, 54 F. at 463. *See also* 1 Rocky Mountain Mineral Law Foundation, *American Law of Mining* § 32.03 (2d ed. 2017) ("[A] lode locator does not need time to select the ground to be cast off because he is bound by the description in his location notice or certificate.").