UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sunburst Minerals, LLC, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | 3:15-cv-8274 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Emerald Copper Corp., | ) | Amendment to Original |
| | ) | Findings of Fact and |
| Defendant / Counterclaimant. | ) | Conclusions of Law |
| | ) | |

The case was tried to the court on November 13 and 14, 2018. The court filed its Findings of Fact and Conclusions of Law at docket 198. Emerald Copper Corp. ("Emerald") filed what it styled as a Request for Clarification at docket 200. The court ordered Sunburst Minerals, LLC ("Sunburst") to respond in an order at 207, which also provided that Emerald could not reply unless requested to do so by the court.

To a large extent Emerald's motion is not a request for clarification, but rather is a request for reconsideration. With respect to requests for reconsideration, the court is guided by LRCiv 7.2(g)(1) which provides that: "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." The local rule reflects Ninth Circuit precedent. *McDowell v.*

*Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Except as discussed below, there is no showing of manifest error or reference to properly cognizable new evidence or legal authority. With the exception of the points discussed below, the motion at docket 200 will be denied.

Upon reviewing the parties' current papers and the record, the court finds that it was manifest error to hold that Sunburst's claims Emerald 5, 7, and 9 as amended are invalid. To begin with, there was Breen's testimony to the effect that the amended claims were properly monumented. There was also testimony that some staking related to the amended claims was observed in the field by Emerald's own witness. Emerald's continued reliance on the lay testimony by Hatter that moving a location monument invalidates both the original claim and the amended claim is inconsistent with A.R.S. § 27-202.C and 43 C.F.R. § 3833.21. Given that Emerald presented no evidence that the new locations were not contiguous to the originally discovered mineral, Emerald's position is also contrary to *Smart v. Staunton*, 239 P. 514 (Ariz. 1925). *See also Brewer v. Heine,* 106 P.2d 495 (Ariz.1940).

The parties' stipulated facts establish that Emerald drilled on some of the Sunburst claims. This shows manifest error in the court's failure to include a conclusion that Emerald trespassed on Sunburst's claims. The court attributes this error to the fact that there was insufficient evidence of the quantum of damages associated with the trespass. Sunburst is entitled to only nominal damages of one dollar ($1.00) for the trespass.

Based on the preceding discussion, the Findings of Fact and Conclusions of Law at docket 198 are amended as follows: Sunburst's amended Emerald 5, 7, and 9 are

valid claims; Emerald trespassed on Sunburst's claims; and Sunburst shall recover damages of one dollar ($1.00) from Emerald for the trespass.

The motion at docket 200 is otherwise DENIED.

DATED this 12th day of March 2019.

/S/
JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE